## GRACE *et al.*, *vs.* ROWELL *et al.*

When a decree is rendered on a bill filed by two complainants, one of whom was dead at and before the filing of that bill or rendition of the decree, that fact only vacates the decree as to the deceased complainant.

In Equity, from Baker Superior Court. Decision by Judge ALLEN, at November Term, 1859.

Willoughby W. Grace, executor of William Neves, deceased, and Robert W. Wiley, administrator *de bonis non* of James C. Neves, deceased, filed their bill of service, alleging that heretofore, a bill in equity had been filed in the name of William Neves and James C. Neves, to the April Term, 1853, of Baker Superior Court, against William Scott and Thomas Beall, administrators of William F. Scott, and George W. and Lawrence G. Rowell, executors of Richard Rowell, charging them with having taken possession of the whole estate of John Neves and Catharine Neves, of which estate said William and James C. Neves claimed one undivided half, etc.; and the prayer of which bill was for the discovery, relief, and *ne exeat.* That said bill having been sanctioned, the defendants therein filed a demurrer thereto, at April Term, 1853, on certain grounds specified, and that the Court sustained the demurrer and dismissed said bill. It is charged that the decree of the Court sustaining the demurrer and dismissing said bill was null and void : for that, at the time said bill was filed, and before, to-wit, in the year 1857, the said James C. Neves, one of the complainants, had departed this life, intestate, leaving a widow; and that at the time of filing said bill in his name, and of dismissing said bill, and during all the time said proceedings were pending, said intestate was dead, and there was no representative on his estate, complainants asked that the decree had on said demurrer may be reviewed and reversed.

To this bill of review the defendants demurred at the May Term, 1855, of Baker Superior Court, Judge PERKINS presiding, on two grounds:

1. That there was no error of law in the said decree, shown by said bill.

2. Nor any such new matter of which the complainants in the bill could not have noticed at the time of decree.

Grace *et al.*, *vs.* Rowell *et al.*

This demurrer by agreement was transferred and plead before Judge Perkins at the June Term of Dougherty Superior Court, when, after argument had, the Judge pronounced the following judgment on the demurrer.

" Whereupon it is considered, ordered and adjudged and decreed by the Court that said demurrer be overruled, and that said bill be sustained, on the ground that the decree ought to be reviewed, having been rendered ; and the bill on which it was founded having been filed, while James C. Neves, one of the pretended complainants, was dead, without any representation. The Court, deeming this ground insufficient to dispose of the demurrer, makes no decision upon any other point raised in the cause ; and it is further ordered that defendants plead, answer or demur, not demurring alone, on or before the first day of the next term of Baker Superior Court."

No further steps were taken by either party affecting the merits until the November Term, 1859, of Baker Superior Court, when the cause came up for hearing, and counsel for defendants admitted the facts charged in the bill, that James C. Neves, one of the complainants in the original bill was dead, at the filing thereof, and at the rendition of the decree therein. Whereupon counsel for complainant in the bill of review moved the Court:

That said bill of review be sustained, and that said decree dismissing the original bill on demurrer be reversed, annulled and set aside as null and void ; and that said original bill be reinstated on the docket; and that said original bill be, on motion of solicitor for complainants, and hereby is dismissed without prejudice, and that complainants here be reinstated and remitted to all their rights lost by said decree on demurrer to said original bill as full and effectually as if no such decree and proceedings had even been read.

The Court, on hearing, refused the motion, holding that said decree was valid and binding upon the said complainant, William Neves, but was void and may be set aside as to James C. Neves.

To the refusal of the Court to grant the motion so made, counsel for complainants excepted.

Baily & Benning, for plaintiff in error.

Rockwell & Clark, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

Were the complainants entitled to the motion to the extent made in the Court below ? We hold that they were not.   If the demurrer to the bill of review had been overruled, on the ground taken therein, that there was no error in law in the decree, then the complainants would, unquestionably, have been entitled to their motion ; for it is a well settled rule of equity practice, that " when a bill is filed to review a decree for *error in law,* apparent on its face, and a demurrer to such bill presents an issue of *law only* for the judgment of the Court, if the demurrer be overruled the effect is, to set aside and open the decree "—*Guerry vs. Perryman,* 12*th Ga. Rep., page* 18 ; *Caney vs. Giles,* 10*th Ga. Rep., page* 22. The demurrer was neither sustained or overruled upon that ground by the judgment of the Court on the demurrer, but the Court overruled the demurrer, only, on the fact contained in the bill—that is, the death of James C. Neves, and expressly declined to pass on the other grounds as to the error of law ; in such case, that is the judgment of the Court overruling the demurrer on matter of facts contained in the bill of review, and on which the equity of the bill rests, does not reverse and vacate the original decree.—*Guerry vs. Perryman,* 12*th Ga. Rep., p.* 14.

The complainants did not put their right, to have this motion allowed by the Court, on the ground that there was error of law apparent on the face of the decree ; that question was not made or considered by the Court below, now argued before us.   But the right to have the motion granted, was put entirely upon the admitted fact, that James C. Neves, one of the complainants in the original bill, was dead, at and before the filing of that bill, and his name was unauthorizedly in that bill.   So understanding the motion, as well as the decision of the Court below, so we decide in this case, leaving the other question, made by the bill, that there was error of law in the decree, as the judgment on demurrer did, an open question, to be followed up by the parties or not, as they may think proper ; not that we desire to avoid it, but because it has not been made, argued or passed upon by the Court below.

1. Then what is the effect upon the decree on the demur-

rer to the original bill complained of, of the fact, that at and before the filing of the bill, James C. Neves was dead? We think that the effect is only to vacate the decree as to James C. Neves, and not as to William Neves. Why should it have any other effect? William Neves brought the bill; he had his day in Court; he lost none of his rights by reason of the death of his co-complainant. If the demurrer should be set aside as to him, the effect will be to give him another day in Court, to have the same matter re-adjudicated; it would be to allow him to take advantage of his own wrong, to the prejudice of the defendant. It was not necessary, that is, it was not indispensable, that James C. Neves, or his representative should be joined with him in the suit.

The case of *Fedlie vs. Dill, 3d Kelly, p.* 104, was relied on, as an adjudication of this point. We do not think it is, or we should enforce it in this case as well as all others to which it applies; for a decision of this Court once made must, in my opinion, stand and be enforced, though I do not think the preamble of that case should be extended beyond its facts. That was a judgment at law against defendants who were *brought* into Court; they did not voluntarily come in—the error was the act of the plaintiff, not theirs. Here, the error is the act of the party who seeks to take advantage of it; this is a proceeding in equity where the Courts are not governed by the strict rules of law, but will grant relief according to principles of right, without regard to the strict rules of form. If the decree had been in favor of complainant, had he taken a benefit by it, on a motion to set aside for the irregularity, the Court would have allowed him to amend; and where he seeks to avoid it on that account, the Court will do no more. To that extent the Court below was willing to grant the motion, and that was as much as he was entitled to have. Such is the effect of the decision: *Newman vs. Law,* 57th *R., p.* 578, and that was a proceeding at law.

Judgment affirmed.